UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VAN CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-469 |
| | § | |
| MCCONNELL UNIT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

This case was filed by Van Carter, a Texas inmate appearing *pro se*, who alleges civil rights claims pursuant to 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, Plaintiff's claims against the named Defendants are **DISMISSED with prejudice** for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). In addition, Plaintiff's claims of excessive force against the three John Doe officers identified at the January 26, 2015 evidentiary hearing are **DISMISSED with prejudice** for failure to state a claim.

## I.      JURISDICTION.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Upon consent of the Plaintiff (D.E. 19), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 9). *See* 28 U.S.C. § 636(c).

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit in Beeville, Texas. He is serving a 25-year sentence entered on November 4, 1996, for aggravated robbery in Dallas County, Texas.

Plaintiff filed the instant lawsuit on November 28, 2014, alleging that the following McConnell Unit officials and officers were failing to protect him from threats and assaults made by other offenders, as well as prison staff: (1) Warden Gary L. Currie; (2) Assistant Warden Kenneth Putnam, Jr; (3) Assistant Warden Ramirez; (4) Major Michael Brooks; (5) Captain Joe Gonzales; and (6) Major James A. McKee. (D.E. 1, p. 3).

A *Spears*[1] hearing was held on January 26, 2015, following which, Plaintiff was given additional time to file a Memorandum of Law (D.E. 22), and four additional documents, including his affidavit, in support of his claims.  (D.E. 20, 24, 25, 26). The following allegations were made in Plaintiff's original complaint (D.E. 1), at the evidentiary hearing, or in his subsequent pleadings:

### *(1)     Previous lawsuit.*

On August 14, 2014, another inmate filed a lawsuit on behalf of Plaintiff alleging that Plaintiff was the frequent victim of physical assaults by other inmates and prison staff as a result of his being physically and mentally disabled in Case No 2:14-cv-347, styled *Carter v. McConnell Unit*.[2]   (Case No. 2:14-cv-347, D.E. 1).   Prior to an evidentiary hearing being conducted, Plaintiff moved to voluntarily dismiss that lawsuit (D.E. 21), and on October 31, 2014, the Court granted Plaintiff's motion for voluntary dismissal and dismissed without prejudiced Case No. 2:14-cv-347.  (Case No. 2:14-cv-347, D.E. 22, 23).  Plaintiff appealed his voluntary dismissal (Case No. 2:14-cv-347, D.E. 27), and on March 20, 2015, the Fifth Circuit dismissed Plaintiff's appeal for want of prosecution.  (Case No. 2:14-cv-347, D.E. 37).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

[2] The offender who drafted Case No. 2:14-cv-347 noted that Plaintiff is 51-years old and suffers from a severe heart condition, seizures, arthritis throughout the joints on his body, Post-Traumatic Stress Disorder (PTSD), and an IQ of 68 which puts him "below learning disabilities" and prevents him from accessing the prison grievance system because he cannot complete the forms.  As a consequence of having these disorders, Plaintiff is singled out to be the victim of assaults by other inmates, as well as by prison staff.

### (2)    *Instant lawsuit.*

Plaintiff claims that from 2011 through 2014, Defendants have failed to protect him from the constant threats and assaults made against him by other offenders and prison staff.  However, he testified that, since 2006, he has been housed in administrative segregation, which is among the most restricted and secure housing assignments available.

In February 2013, an inmate attempted to shoot a homemade spear[3] at Plaintiff as he was being escorted to recreation.  Plaintiff claims that Warden Ramirez let the inmate out of his cell at the same time Plaintiff was being escorted in order to allow the inmate to assault Plaintiff.  Plaintiff believes that Warden Ramirez, Warden Currie and Warden Putnam all knew about the planned attacked, but did nothing to prevent it, "probably" in retaliation for Plaintiff filing grievances in the past against them and other officials. Plaintiff was given a tetanus shot and he did not suffer an infection or other injury as a consequence of the spear shooting.

In April 2014, Plaintiff alleges two unknown prison guards tried to assault him while in a secluded area.  (D.E. 1, p. 5).  He told Sergeant Fernandez, the Chaplain, and state classification authorities, but nothing was done.  However, Plaintiff admitted at the evidentiary hearing that, except for the bruise he sustained following the February 2013 spear incident, he has never sustained any physical injury from any attempted assaults. He has suffered no broken bones, no cuts or abrasions, or any other physical injury that needed medical attention.  He claims that the constant threats of physical harm have

---

[3]  A "spear" in the context of prison contraband is a small homemade dart.

caused him mental stress and anguish, and that he does not feel safe.  He testified that he is seeking only an injunction to stop the "attacks" on him.  He wants to be able to handle his legal matters without being assaulted.  He testified that he was told that, if he did not stop filing lawsuits, he would be sent to a mental hospital.

### (3)    *Preliminary Injunction.*

On December 17, 2014, Plaintiff filed a motion for a preliminary injunction.  (D.E. 5).  Plaintiff claims that he is entitled to injunctive relief based on the fact that Defendants have denied his grievances, and in support thereof, he offers copies of those grievances.

Grievance No. 2014201359 was filed by Plaintiff on August 13, 2014.  (D.E. 5, 18-19).  On this grievance Plaintiff has written "Emergency Grievance!" and "Prison staff/willful conduct/ life endangerment."  He alleges that he will be assaulted or murdered by prison guards or offenders, that his mail is being tampered with, and that urine and feces were shot into his cell because he has been targeted as a child molester, homosexual, or dyke female.  On September 26, 2014, Warden Putnam denied the grievance on the grounds that an investigation revealed no evidence to substantiate Plaintiff's claims. (D.E. 5, p. 19).  Plaintiff's Step 2 appeal was denied.  (D.E. 5, pp. 20-21).

Grievance No 2014201370 was also filed on August 13, 2014, and also states that it is an "Emergency."  (D.E. 5, pp. 16-17).  Plaintiff complains that Officer Ramos sexually harassed him by using abusive and sexual language in response to Plaintiff's complaint about being in administrative segregation.  On September 26, 2014, Warden

Putnam denied the grievance.  (D.E. 5, p. 17).  Plaintiff's Step 2 appeal was denied. (D.E. 5, pp. 14, 15).

On August 19, 2014, Plaintiff filed Grievance No. 2014204408.  (D.E. 5, pp. 12-13).  Plaintiff alleged that Sergeant Ramirez had sexually harassed him on July 13, 2014 and that he had told Sergeant Mayer with the Safe Prisons Program ("SPP"), but that his claim was not adequately reviewed.  (D.E. 5, pp. 8-9).  On October 13, 2014, Warden Putnam denied the grievance noting that at a Unit Classification Committee ("UCC") held on September 11, 2014 Plaintiff was "upgraded to 1A custody" and no further action was necessary.  (D.E. 5, p. 9).  Plaintiff's Step 2 appeal was rejected as the grievable time period had expired.  (D.E. 5, pp. 6-7).

On September 14, 2014, Plaintiff filed Grievance No. 2015009664, alleging that since 2011, various prison officials, including the Defendants, had violated his constitutional rights by intentionally inflicting cruel and unusual punishment; inflicting emotional distress; no due process; discrimination under the ADA; aiding and abetting to commit criminal acts which violate the safe prisons program, convincing [others] Plaintiff is a homosexual, child molester, dyke female dying with AIDS, or snitch; exposed to violent threats by prison guards and staff that threaten to assault and rape him. (D.E. 5, pp. 12-13).  On October 14, 2014, Warden Putnam denied the grievance finding there was no evidence that officers put plaintiff's life in danger or that TDCJ policy had been violated.  (D.E. 5, p. 13).  Plaintiff's Step 2 appeal was denied as the grievable time period had expired.  (D.E. 5, pp. 10-11).

### III.    LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or *respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).  For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to supervise or train amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations."  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## IV.   DISCUSSISSION.

### A.   Statute of limitations.

Plaintiff claims that he is suing Defendants for actions beginning in 2011.  He filed his lawsuit on November 28, 2014.

Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a).  Accrual of a § 1983 claim is governed by federal law.  A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998).  The district court may raise the defense of limitations *sua sponte*, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

In this case, Plaintiff alleges that Defendants have failed to protect him and/or conspired to violate his constitutional rights since 2011.  However, he did not file his

original complaint until November 28, 2014, and therefore, any claims arising before November 28, 2012, are barred by limitations.  Accordingly, Plaintiff's claims against Defendants arising before November 28, 2012 are **DISMISSED with prejudice** as time barred.

### B.    Claims against named Defendants.

Plaintiff has sued Defendants in their official and individual capacities.

### (1)    Eleventh Amendment bars claims against Defendants in official capacities for monetary damages.

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983 for money damages.  *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Section 1983 does not waive the state's sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 338 n. 7 (1979), and Texas has not consented to this suit.  *See Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984).

To the extent Plaintiff is suing any named Defendant for compensatory and/or punitive damages in his official capacity, those claims are barred because claims against state officials in their official capacities are essentially claims against the State itself. *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (for purposes of § 1983 liability, a claim against a public official in his or her official capacity is in effect a suit against the state or local government he or she represents).  Of course, the Eleventh Amendment does not prohibit claims for prospective injunctive relief against the State or individuals in their official capacities.  *Ex parte Young,* 209 U.S. 123 (1908).  Thus, to the extent

Plaintiff has sued Defendants in their official capacities for injunctive relief, those claims are not barred by the Eleventh Amendment. However, Plaintiff must still meet § 1915A's screening threshold of establishing facts that, if true, state a constitutional violation, in order to pursue his claims for injunctive relief.

### (2)    Failure to protect.

Plaintiff claims that Defendants failed to protect him from the February 2013 spear attack and also from numerous daily threats that he receives from other offenders as well as prison staff.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Cantu*, 293 F.3d at 844 (citing *Farmer*, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner=s interests or safety." *Farmer*, 511 U.S. at 835.

Here, Plaintiff complains that other offenders and prison staff have wrongfully characterized him as a child molester, snitch, and homosexual, and as a consequence thereof, he is the victim of repeated threats of assaults and actual assaults. First, to the extent Plaintiff is attempting to hold any Defendant liable for failing to investigate his grievances properly, he fails to state a cognizable claim. A prisoner has no constitutional

right to have his grievances investigated or answered favorably.  *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005).

As to his failure to protect claims, Plaintiff fails to establish that any named Defendant knew or should have known in February 2013 that another inmate might throw a spear at him.  He does not claim that he had filed life in danger claim beforehand to alert Defendants, and he offers no grievance to suggest that he did so, despite his prolific grievance record.  In addition, he admits that he was housed in administrative segregation, the most secure housing available on the McConnell Unit, and that he was being escorted by an officer at the time.  He had not been left alone with another prisoner allowed unfettered access to him, nor had there been a breach in prison operations.  It was an unfortunate event, but Plaintiff was immediately taken to medical, given a tetanus shot, and he suffered no further injury other than a bruise.

Plaintiff claims that Major Brooks "kept files" on his situation.  This allegation fails to state a constitutional violation, and to the contrary, indicates that the TDCJ is monitoring Plaintiff's complaints and allegations of his life being in danger, as is evident by the grievances offered by Plaintiff.  Plaintiff's grievances reflect that each time he filed a life in danger claim an investigation was opened and a UCC conducted.  Plaintiff did not request a unit transfer nor did he request a transfer out of administrative segregation, only that the threats and attacks be stopped.  However, except for the February 2013 spear attack, there is no record of Plaintiff being assaulted, physically or sexually as alleged, nor has he been injured in any manner requiring medical attention.

Plaintiff complains that he suffers stress which causes him physical discomfort. This allegation is too tenuous to establish deliberate indifference.  *See e.g. Scott v. Goodwin,* 2010 WL 2926222, *3 (W.D. La. Jun. 29, 2010) (inmate's fears of being transferred with unshackled prisoners failed to state a cognizable failure to protect claim). Furthermore, Plaintiff's allegations fail to demonstrate that he has sustained any physical injury as a result of the alleged failure to protect.  Under the PLRA, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Although Plaintiff complains of stress from the comments made by other inmates and staff, he is also 51 years old and in prison, a stressful situation in-and-of itself, and suffers from PTSD.  Plaintiff fails to establish that any named Defendant knew of a serious risk to Plaintiff's health or safety and then ignored that risk, in violation of the Eighth Amendment. Thus, Plaintiff's claims against Defendants are **DISMISSED** for failure to state a claim and as frivolous.

### C.    John Doe officers.

At the conclusion of the *Spears* hearing, Plaintiff alleged that, in the last six months, he had been assaulted by three John Doe officers whose name tags were either false or unreadable.  Plaintiff was given additional time to brief his claims against these individuals.

On January 28, 2015, Plaintiff filed a "Memorandum of Law," that appears to set forth verbatim sections of the Texas Rules of Civil Procedure (TRCP) regarding "§ 3

Notice of Intent to Dismiss, "§ 3.2 Notice under TRCP 165a," "§ 4 Hearing," "§ 4.1 Bar to Suit," "4.2 Sanctions," and "4.3 Dismissal under TRCP 165a." (D.E. 22).

On March 4, 2015, Plaintiff filed his affidavit in support of motion for counsel as well as other pleadings. (D.E. 24).

On March 16, 2015, Plaintiff filed a 21-page pleading (D.E. 25, 26), stating that he is a 51-year old Black disabled prisoner, housed in administrative segregation at the McConnell Unit, and that Defendants have engaged in a conspiracy to oppress, injure, and intimidate Plaintiff by violence in violation of the First, Fourth, Eighth, and Fourteenth Amendments. (D.E. 25, p. 1). He claims that he is tortured mentally 24 hours a day. He lists his ailments and a litany of transgressions: intentional infliction of emotion distress; intimidation by fear of violence by continually placing Plaintiff in imminent danger; imminent injuries/irreparable harm by prison guards and inmate brutalities and harassment, mental torture, and "defamation of character." (D.E. 25 pp. 1-2). Plaintiff goes on to cite case law, including *Farmer,* and to state that he is seeking a preliminary injunction. (D.E. p. 25 4, 7). He then sets forth the standards for obtaining injunctive relief. (D.E. 25, p. 8-10—D.E. 26, p. 1-4). Plaintiff's document concludes with copies of several Inmate Request to Officials dated January 22, 2015 through February 28, 2015. (D.E. 26, pp. 5-16), and an unprocessed Step 1 grievance, (D.E. 26, pp. 19-20). Nowhere in the documents does Plaintiff detail the alleged assault by the three John Doe officers that allegedly occurred within the six months prior to the January 26, 2015 *Spears* hearing. Plaintiff fails to allege any facts to support his claim that he was assaulted by three John Doe officers, let alone offer proof by way of a medical

record or grievance or detailed statement, though given the opportunity to do so. There is simply no evidence that Plaintiff was assaulted by three officers.  Accordingly, Plaintiff's excessive force claims against the three John Doe officers are **DISMISSED with prejudice**.

## V.      CONCLUSION.

For the reasons stated herein, Plaintiff's claims against the named Defendants as well as the three John Doe officers are **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

ORDERED this 14th day of April, 2015.

Jason B. Libby
United States Magistrate Judge