UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VAN CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-469 |
| | § | |
| MCCONNELL UNIT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF/APPELLANT'S
### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff/Appellant is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). On April 14, 2015, the case was summarily dismissed as frivolous upon screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (D.E. 28). Final Judgment was entered on April 14, 2015. (D.E. 27). Plaintiff/Appellant filed a notice of appeal on June 1, 2015. (D.E. 36). Plaintiff/Appellant had failed to pay the appellate filing fee and was given until July 27, 2015, to either pay the filing fee or file a motion to proceed *in forma pauperis*. (D.E. 40). On July 2, 2015, Plaintiff/Appellant's appeal was dismissed for want of prosecution for failing to pay the filing fee. (D.E. 41).[1]

---

[1] The dismissal of the appeal occurred before Plaintiff/Appellant's deadline to pay the appellate filing fee or file a motion to proceed *ifp*. Plaintiff/Appellant was subsequently granted leave to appeal *in forma pauperis*, but this occurred after the appeal was dismissed. Plaintiff/Appellant did not move to reinstate his appeal. It appears Plaintiff/Appellant's appeal has been dismissed and there are no matters in this action pending before the Fifth Circuit Court of Appeals at this time.

Pending is Plaintiff/Appellant's motion for appointment of counsel. (D.E. 45). No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted. Plaintiff's case was dismissed by the District Court as frivolous and the Fifth Circuit has dismissed the appeal. There are currently no matters before this Court or the Fifth Circuit. Even if Plaintiff/Appellant were able to re-open his appeal, he has not shown that appointment of counsel is warranted.

For the foregoing reasons, Plaintiff/Appellant's motion for appointed counsel, (D.E. 45), is DENIED.

It is further ordered that Plaintiff shall not file further motions or documents in the District Court without first obtaining leave of Court.  Failure to comply with this order will result in those motions being struck.

ORDERED this 16th day of November, 2015.

_____
Jason B. Libby
United States Magistrate Judge